UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GARET GILES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| BANK OF AMERICA, N.A., | § | SA-11-CV-1035 OG (NN) |
| | § | |
| Defendant. | § | |

REPORT AND RECOMMENDATION

TO:   Honorable Orlando Garcia
      United States District Judge

Pending before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff Garet Giles's Third Amended Complaint. After considering the motion, I recommend granting the motion in part and denying in part.

BACKGROUND

Plaintiff filed his Original Petition against Defendant on October 31, 2011, in the 150th Judicial District Court of Bexar County, Texas. Defendant filed a Notice of Removal on December 5, 2011.[1] Defendant filed a Motion to Dismiss Plaintiff's Original Petition on December 12, 2011.[2] Plaintiff filed a Response on December 23, 2011,[3] and a First Amended Complaint on January 6, 2012.[4] Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint on January 20,

---

[1] Docket Entry 1.

[2] Docket Entry 3.

[3] Docket entry 4.

[4] Docket entry 10.

2012.[5] Plaintiff thereafter filed a Second Amended Complaint on January 25, 2012,[6] and a Third Amended Complaint on February 28, 2012.[7] Defendant filed a Motion to Dismiss Plaintiff's Third Amended Complaint on March 13, 2012.[8]

Plaintiff is the owner of two properties in San Antonio, Texas. The first property is located at 3854 Bennington Way, San Antonio, Texas, and the other property is located at 20942 Coral Spur, San Antonio, Texas. Plaintiff sought and obtained mortgages from Defendant's predecessor in interest, Countrywide Home Loans. In connection with Plaintiff's procurement of the mortgages, Plaintiff executed a promissory note and deed of trust in favor of Countrywide for each property. Each deed of trust named Mortgage Electronic Systems, Inc. ("MERS") as the beneficiary and as a nominee for Countrywide. The deed of trust on the Coral Springs property was assigned to Defendant on September 8, 2011. The deed of trust on the Bennington Way property was assigned to Defendant on July 29, 2011. Defendant thereafter notified Plaintiff that it was the owner of the note; when Plaintiff fell behind on his note payments, Defendant instituted foreclosure proceedings against Plaintiff.

Plaintiff alleges that the assignment of note and deed of trust with respect to each property was invalid and fraudulent. According to Plaintiff, on July 29, 2011, one Chester Levings signed the assignment related to the Bennington Way property as an assistant secretary of MERS; upon Plaintiff's "information and belief," however, Levings was not actually an employee of MERS, but

---

[5] Docket Entry 12.

[6] Docket Entry 14.

[7] Docket Entry 26.

[8] Docket Entry 28.

2

was rather an employee of Defendant or one of its servicers.[9]  Also according to Plaintiff, on September 28, 2011, one Raymond Marquis signed the assignment related to the Coral Springs property as an assistant secretary of MERS; "according to [Plaintiff's] expert research" and "information and belief," however, Marquis was not an assistant secretary of MERS, but was rather an employee of Defendant or one of its servicers.[10]  Because the assignment of each note and deed of trust from MERS to Defendant was invalid, Defendant—according to Plaintiff—was never the proper holder and owner of either note and could not validly enforce either deed of trust.[11]  Plaintiff further alleges that although Defendant knew about this "signing scandal" and knew that the assignments were improper, Defendant nonetheless represented to Plaintiff that Defendant was the proper holder and owner of the note and had the right to enforce the deed of trust and foreclose on Plaintiff.

Plaintiff brings four claims.  First, Plaintiff claims that Defendant committed common law fraud by "attempting to collect payments on the note each month, notifying [] Plaintiff on multiple occasions of [its] intent to accelerate[,] and posting the home[s] for foreclosure"—all while knowing that it was not the proper holder and owner of the notes.[12]  That is, Defendant knowingly misrepresented to Plaintiff that it could validly foreclose on the properties,[13] causing Plaintiff to

---

[9] Pl.'s Third. Am. Compl. ¶ 4.

[10] Pl.'s Third. Am. Compl. ¶ 4.

[11] Pl.'s Third. Am. Compl. ¶ 4, 5, 6, 17.

[12] Pl.'s Third. Am. Compl. ¶ 17.

[13] Pl.'s Third. Am. Compl. ¶ 17.

suffer mental anguish over "fear of loss of his investment propert[ies]."[14] Second, Plaintiff claims that Defendant violated the Texas Debt Collection Act (TDCA) and the Texas Deceptive Trade Practices Act (DTPA) because Defendant "had no basis to enforce the…deed of trust [and] collect payments on this mortgage."[15] Third, Plaintiff brings an action to quiet title.[16] Fourth, Plaintiff alleges that Defendant is liable for defamation for damaging Plaintiff's credit.[17]

For relief, Plaintiff requests a declaratory judgment to determine whether Defendant is the proper assignee and may properly foreclose.[18] Plaintiff also requests an injunction to enjoin Defendant from improperly foreclosing,[19] in addition to various damages and attorneys' fees.[20]

## STANDARD OF REVIEW

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and internal quotations marks omitted). "Factual

---

[14] Pl.'s Third. Am. Compl. ¶ 27.

[15] Pl.'s Third Am. Compl. ¶ 14, 15.

[16] Pl.'s Third Am. Compl. ¶ 18, 19.

[17] Pl.'s Third Am. Compl. ¶ 22.

[18] Pl.'s Third Am. Compl. ¶ 9–11, 33.

[19] Pl.'s Third. Amp. Compl. ¶ 29–31, 33.

[20] Pl.'s Third. Amp. Compl. ¶ 25–28, 32.

allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Contr. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009). The court must "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 1949. The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" his claims against the defendant "across the line from conceivable to plausible." *See id.* at 1950, 1952.

Furthermore, under Rule 9(b), a fraud claim must be pleaded with particularity. Fed. R. Civ. P. 9(b) ("In alleging fraud…, a party must state with particularity the circumstances

constituting fraud...."). The Fifth Circuit has interpreted Rule 9(b) strictly, requiring the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177–78 (5th Cir. 1997); *see also Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (holding that Rule 9(b) requires the plaintiff to specify "the who, what, when, where, and how" of the alleged fraud).

## DISCUSSION

First, Plaintiff's fraud claim should not survive Defendant's motion to dismiss because Plaintiff fails to allege fraud with adequate particularity. Under Texas law, the elements of a fraud claim are: (1) a material representation was made; (2) it was false when made; (3) the speaker either knew it was false, or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result. *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 563 n.3 (5th Cir. 2002) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)). Plaintiff alleges specific facts that, if proven, could show that the assignment was invalid. By identifying Chester Levings and Raymond Marquis, by detailing that each had falsely signed an assignment of a note and deed of trust as an employee of MERS, and by specifying when each invalid assignment occurred, Plaintiff adequately specifies the who, what, when, where, and how of the invalid assignment.[21] Inexplicably, however, Plaintiff neglects to provide adequate factual detail about any actionable, fraudulent misrepresentation that Defendant made to Plaintiff. Plaintiff merely asserts that Defendant committed fraud by "attempting to collect payments on the note each month, notifying [] Plaintiff on multiple occasions of [its] intent to accelerate[,] and

---

[21] Pl.'s Third. Am. Compl. ¶ 4, 5.

6

posting the home[s] for foreclosure."[22]  Such vague accusation is insufficiently particular to satisfy the heightened pleading requirement of Rule 9(b).  Moreover, although Plaintiff alleges that Defendant's fraudulent acts caused him mental anguish, nowhere in the complaint does Plaintiff explain how he *acted in reliance* on a false representation made by Defendant to his detriment.  *White v. BAC Home Lonas Servicing*, No. 3:09-CV-691, 2010 WL 4352711, at *4 (N.D. Tex. Nov. 2, 2010) (dismissing plaintiff-mortgagor's fraud claim against defendant-mortgage-servicer where plaintiff failed to "plead any facts tending to show that he justifiably relied—or even how he relied—on any misrepresentation made by [defendant].").  Because Plaintiff fails to plead facts related to all the elements of a fraud claim, Plaintiff fails to state a claim of fraud as a matter of law.

      Second, Plaintiff's TDCA and DTPA claims should be dismissed.  Plaintiff merely states that Defendant "had no basis to enforce the…deed of trust [and] collect payments on this mortgage," and that "each time [] Defendant demanded payment, wrote notifying [] Plaintiff of the right to cure and [its] intent to accelerate, [or] post[ed] the property foreclosure[s], those acts related to attempting to collect the debt [and thereby] violated [various provisions of] the Texas Finance Code."[23]  Although Plaintiff includes a laundry list of provisions of the Texas Finance Code, Plaintiff does not even attempt to explain how any of Defendant's "acts" violated any specific provision of the TDCA or the DTPA.  Plaintiff's conclusory allegation does not state a claim.  *See Bergs v. Hoover Bax & Slovacek*, No. 3:01-CV-1572, 2003 WL 22255679, at *5–6 (N.D. Tex. Set. 24, 2003) ("[M]erely stating [a] defendant violated the TDCA, without more

---

[22] Pl.'s Third. Am. Compl. ¶ 17.

[23] Pl.'s Third. Am. Compl. ¶ 14, 15.

factual allegations, is a legal conclusion couched as a factual assertion…[and] does not survive a motion to dismiss.").

Third, Plaintiff's defamation claim lacks a factual basis. The claim comprises one line of Plaintiff's complaint: "Plaintiff[] asserts that Defendant is liable for defamation in the amount of actual damages due to credit damage."[24] This sentence is inadequate to state a claim for defamation.

Fourth, Plaintiff's claim to quiet title *should survive* Defendant's motion to dismiss. To prevail in a suit to quiet title action, a plaintiff must show "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *See James. v. Wels Fargo Bank, N.A.*, No. 3:11-cv-2228, 2012 WL 778510, at *2 (N.D. Tex. Mar. 12, 2012). Furthermore, to recover on a claim to quiet title, a plaintiff must prove that he has superior title to the property over the defendant; in so doing, the plaintiff must rely on the strength of his title, not on the weakness of the defendant's title. *Rogers v. Ricane Enters.*, 884 S.W.3d 763, 768 (Tex. 1994). Plaintiff alleges facts that, if proven, could result in the assignment being declared invalid, which would in turn render invalid Defendant's charge against the title. While Plaintiff alleges that he has superior title,[25] Defendant is unable to explain how Plaintiff does not have superior title over Defendant. *See Henry v. Chase Home Finance, LLC*, No. H-11-0668, 2011 WL 6057505, at *4–*5 (S.D. Tex. Dec. 6, 2011) (denying defendant's motion to dismiss plaintiff-mortgagor's quiet title claim because plaintiff's allegation that defendant was not neither mortgagee nor mortgage servicer was a "factual—and not a conclusory—allegation"). Defendant, for its part, argues that Plaintiff's quiet title claim fails

---

[24] Pl.'s Third. Am. Compl. ¶ 22.

[25] Pl.'s Third Am. Compl. ¶ 18.

because Plaintiff has neither tendered nor offered to tender the full amount owed on his indebtedness.[26]  But Defendant's argument is unavailing.  Although Texas courts have held that tender is a necessary condition for an action to *recover* title (because a party seeking an equitable remedy must do equity), Defendant does not present any authority that such tender is a necessary condition for an action to *quiet* title; put differently, Defendant offers no basis for grafting a requirement to plead tender onto the quiet title action.  *Cf. White,* 2010 WL 4352711, at *5 (holding that tendering the amount due on the loan is a prerequisite for the equitable remedy of recission).  On Plaintiff's claim to quiet title, discovery should continue, and the issue can be determined by a motion for summary judgment.  Furthermore, because Plaintiff's claim to quiet title survives the motion to dismiss, there is no ground to dismiss Plaintiff's requests for a declaratory judgment and an injunction.

## RECOMMENDATION

Based on the foregoing, I recommend granting in part and denying in part Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint (docket entry # 28).  Specifically, I recommend dismissing Plaintiff's claims for (i) fraud, (ii) violations of the TDCA and DTPA, and (iii) defamation.  I recommend denying the request to dismiss Plaintiff's claim to quiet title.  Accepting this recommendation will moot Defendant's motions to dismiss the original, first amended and second amended complaints (docket entry 3, 12, & 17).

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT/APPEAL

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified

---

[26] Def.'s Mot. to Dismiss ¶ 31.

mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[27] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[28] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[29]

**SIGNED** on March 27, 2012.

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[27] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[28] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[29] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).